# EXHIBIT A

From: Masih Kazerouni    Fax: (949) 407-8721    To:    Fax: +1 (213) 625-3244    Page 10 of 16 05/10/2015 11:26 PM

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BARCLAYS BANK DELAWARE; and DOES 1-20, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHAYAN KAMRAVA, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court of California
County of Los Angeles

MAY 11 2015

Sherri R. Carter, Executive Officer/Clerk
By_____ Nancy Alvarez _____

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:    **CASE NUMBER:** 15K05434
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse    *(Número del Caso):*

111 N Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

S. Masih Kazerouni, Esq.; RKR Legal; 245 Fischer Ave, Suite D1, CA 92626 (866) 502-0787

DATE: May 11, 2015    Clerk, by    NANCY ALVAREZ    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [X] by personal delivery on *(date):* 5/13/15

Page 1 of 1

Form Adopted for Mandatory Use    **SUMMONS**    Code of Civil Procedure §§ 412.20, 465

11:18:59 p.m. 05-10-2015 | 1 | 6506556633

From: Masih Kazerouni  Fax: (949) 407-8721  To:  Fax: +1 (213) 625-3244  Page 1 of 16 05/10/2015 11:25 PM

MC-005

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| RKR LEGAL, APC<br>S. Masih Kazerouni, Esq. (SBN 272148)<br>rkrlegal.com<br>245 Fischer Avenue, Suite D1, Costa Mesa, CA 92626<br>TELEPHONE NO.: (866) 502-0787  FAX NO. (Optional): (866) 502-5065<br>E-MAIL ADDRESS (Optional): mk@rkrlegal.com<br>ATTORNEY FOR (Name): Shayan Kamrava | Received<br>MAY 11 2015<br>Fax Filing |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>111 N. HILL STREET<br>LOS ANGELES CA 90012 | |

DATE PAID: 05/11/15 04:22 PM
RECEIPT #: CCH451233052

CIT/CASE: 15K05434
LEA/DEF#:

...aware, et al

**COVER SHEET**

CASE NUMBER: 15K05494

PAYMENT: $16.50   310
RECEIVED:
CHECK:  $0.00
CASH:   $0.00
CHANGE: $0.00
CARD:   $16.50

the order listed below:

No. of pages
8
1
2
4

Statement of Location

LA SUPERIOR CRT - CIVI
111 N HILL ST RM 111
LOS ANGELES, CA 9001231
05/11/2015           16:20:38
MID: 000000007342397  TID: 04651056
920160002886

CREDIT CARD
VISA SALE

CARD #    XXXXXXXXXXXX7215
INVOICE              0042
Batch #:            000268
Approval Code:      01171G
Entry Method:       Manual
Mode:               Online
Tax Amount:         $0.00

SALE AMOUNT      $386.50

CUSTOMER COPY

LASC - FILINGS
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 05/11/15 04:22 PM
RECEIPT #: CCH451233053

CIT/CASE: 15K05434
LEA/DEF#:

PAYMENT: $370.00  310
RECEIVED:
CHECK:  $0.00
CASH:   $0.00
CHANGE: $0.00
CARD:   $370.00

386.50

CASE#:
DATE ENTERED:          TOTAL: $
FILING FEE: $
NO. OF PAGES (Including coversheet)
CONFIRMATION FEE $    PROCESSING FEE $
                                    Deputy Clerk

) d by the card issuer or draft purchaser to
215  Expiration date: 08/17

(SIGNATURE OF CARDHOLDER)

count no.:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
MC-005 [Rev. January 1, 2007]

**FACSIMILE TRANSMISSION COVER SHEET**
(Fax Filing)

Cal. Rules of Court, rule 2.304
www.courtinfo.ca.gov

**RKR Legal, APC**
S. Masih Kazerouni, Esq. (SBN: 272148)
mk@rkrlegal.com
245 Fischer Ave, Suite D1
Costa Mesa, California 92626
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

Attorney for Plaintiff,
Shayan Kamrava

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| SHAYAN KAMRAVA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE; and DOES 1-20, INCLUSIVE,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§1788-1788.32<br>2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, ET SEQ. – NEGLIGENT VIOLATIONS<br>3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, ET SEQ. – WILLFUL VIOLATION<br><br>**LIMITED JURISDICTION (OVER $10,000)**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**        PAGE 1 OF 8

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. Cal. Civ. Code §1788.1 (a)-(b).

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology-for example, computerized calls dispatched to private homes-prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs. LLC*. 132 S. Ct. 740, 744 (2012).

3. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding automated calls:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637, 638 (7th Cir. 2012).

4. SHAYAN KAMRAVA (hereinafter "Plaintiff"), by Plaintiff's attorney, brings this action to challenge the actions of BARCLAYS BANK DELAWARE (hereinafter "Barclays" or "Defendant" and jointly with Does 1-20 "Defendants") and DOES 1-20 with regard to attempts by Barclays to unlawfully and abusively collect a debt allegedly owed by Plaintiff.

///

RKR Legal, APC.
245 Fischer Ave, Suite D1
Costa Mesa, California 92626

5. Unless otherwise indicated, the use of any Barclays name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## PARTIES

6. Plaintiff is a natural person currently residing in the Tarzana, in the County of Los Angeles, in the State of California, from whom a debt collector sought to collect a consumer debt which was due or owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

7. Barclays is a Delaware company believed to be operating from the City of Wilmington, in the State of Delaware.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engaged in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

9. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, utilize an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) in their collection's practice.

///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES — PAGE 3 OF 8

11. Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names pursuant to California Civil Procedure Code § 474. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants was in some way negligent or responsible for the events and happenings herein referred to which proximately resulted in those injuries and damages to the Plaintiff as herein alleged. Barclays, together with DOES 1-20, inclusive, shall hereinafter be known as "Defendants."

12. Plaintiff is informed and believes and based upon such information and belief alleges that all material times each of Defendants was an agent, servant, and employee of their co-Defendants and in doing the things alleged were acting within the scope of their authority whose actions and conduct herein alleged with the permission and consent of the co-Defendants. Each of the Defendants' actions and conduct was known to, authorized, and ratified by their co-Defendants.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court is proper because the events leading to Plaintiff's cause of action occurred in the County of Los Angeles, in the State of California.

14. The action arises out of violations of the following: The Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (hereinafter "RFDCPA"); and the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq. (hereinafter "TCPA").

15. Because Defendant does business within the State of California, personal jurisdiction is established.

16. Venue is proper under state law.

## FACTUAL BACKGROUND

17. At all times relevant, Plaintiff was an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

COMPLAINT FOR DAMAGES — PAGE 4 OF 8

19. On or about February 2015, Plaintiff allegedly incurred financial obligations to Barclays that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person and were therefore "debt(s)" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

20. Sometime thereafter, but before May 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

21. On or about May 2015, Plaintiff began receiving numerous collections calls from Barclays.

22. On or about May 4, 2015, Plaintiff sent a written letter to Barclays, informing Barclays that Plaintiff wishes Barclays to cease further communication with Plaintiff regarding the alleged debt. This letter was sent pursuant to and in accordance with 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17.

23. Barclays received Plaintiff's letter on May 6, 2015.

24. Despite receiving Plaintiff's written notice demanding Barclays cease communications with Plaintiff, between May 6, 2015 and May 10, 2015, Barclays representatives continued to contact Plaintiff by telephone regarding the alleged debt.

25. Despite receiving Plainitff's written notice demanding Barclays cease communications with Plaintiff, between May 6, 2015 and May 10, 2015, Barclays representatives continued to contact Plaintiff by email regarding the alleged debt.

26. Despite this notice, between May 6, 2015 and May 10, 2015, Barclays used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) in Barclays attempts to contact Plaintiff on his cellular telephone.

27. This automatic telephone dialing system has the capacity to store or produce telephone numbers to be called.

28. The telephone number Barclays called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C § 227(b)(1).

29. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C § 227(b)(1)(A)(i).

30. Through this conduct, Barclays participated in communications with Plaintiff concerning the alleged debt, when Barclays had ben previously notified in writing that Plaintiff wishes Barclays to cease further communications with Plaintiff regarding the alleged debt. Consequently, Barclays violated 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Barclays violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Barclays participated in using an "automatic telephone dialing system", when Barclays had been previously notified in writing that Plaintiff wishes Barclaysto cease further communications with Plaintiff regarding the alleged debt and Barclays to flood Plaintiff with automated calls to Plaintiff's cellular telephone. Through this conduct, Barclays violated the Telephone Consumer Protection Act, 47 U.S.C. 227.

## FIRST CAUSE OF ACTION

### VIOLATION OF RFDCPA CAL. CIV. CODE §§ 1788-1788.32

(Against Barclays and DOES 1-20, Inclusive)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

34. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each defendant individually.

///

///

///

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

(Against Barclays and DOES 1-20, Inclusive)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Barclays constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Barclay's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## THIRD CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

(Against Barclays and DOES 1-20, Inclusive)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Barclays constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Barclays knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

///

///

///

## PRAYER FOR RELIEF

41.  WHEREFORE, Plaintiff requests judgment against Barclays and DOES 1-20, inclusive:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named defendant individually;
- an award of statutory damages of $1000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named defendant individually.
- an award of $500.00 in statutory damages for each and every negligent violation of 47 U.S.C. § 227(b)(1) pursuant to 47 U.S.C. § 227(b)(3)(B), against each named defendant individually.
- an award of $1,500.00 in statutory damages for each and every willful violation of 47 U.S.C. § 227(b)(1) pursuant to 47 U.S.C. § 227(b)(3)(B), against each named defendant individually.
- any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

42.  Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 11, 2015                                  **RKR LEGAL, APC**

BY: _____
S. MASIH KAZEROUNI
ATTORNEY FOR PLAINTIFF

COMPLAINT FOR DAMAGES                                             PAGE 8 OF 8

RKR Legal, APC
S. Masih Kazerouni, Esq. (SBN: 272148)
mk@rkrlegal.com
245 Fischer Ave, Suite D1
Costa Mesa, California 92626
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

Attorney for Plaintiff,
Shayan Kamrava

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| SHAYAN KAMRAVA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE; and DOES 1-20, INCLUSIVE,<br><br>Defendant. | Case No.: 15K05434<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§1788-1788.32<br>2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, ET SEQ. – NEGLIGENT VIOLATIONS<br>3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, ET SEQ. – WILLFUL VIOLATION<br><br>**LIMITED JURISDICTION (OVER $10,000)**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES                                         PAGE 1 OF 8

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| RKR LEGAL, APC<br>S. Masih Kazerouni, Esq. (SBN: 272148)<br>rkrlegal.com<br>245 Fischer Ave, Suite D1, Costa Mesa, CA 92626<br>TELEPHONE NO.: (866) 502-0787    FAX NO.: (866) 502-5065<br>ATTORNEY FOR (Name): Shayan Kamrava | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 11 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Nancy Alvarez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME: Shayan Kamrava v. Barclays Bank Delaware, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited<br>(Amount demanded exceeds $25,000) | ☑ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: 15K05434 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): (1) Rosenthal Fair Debt Collection Prac. Act (2) TCPA (neg) (3) TCPA (int)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 11, 2015
S. Masih Kazerouni
(TYPE OR PRINT NAME)    ▶ X /s/ M. _____
                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

11:18:59 p.m. 05-10-2015 | 13 | 6506556633

From: Maslh Kazerouni   Fax: (949) 407-8721   To:   Fax: +1 (213) 625-3244   Page 13 of 16 05/10/2016 11:26 PM

| SHORT TITLE: Shayan Kamrava v. Barclays Bank Delaware, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

15K05434

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 2   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|
| Auto Tort — Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort — Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort — Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)   CIVIL CASE COVER SHEET ADDENDUM   Local Rule 2.0

# LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS

CRC 201.9(c)
Information about Alternative Dispute Resolution

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation and settlement conferences are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION** A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure (CCP) 1775-1775.15, California Rules of Court (CRC) 1620-1622 and 1630-1639, Evidence Code 1115-1128, and Los Angeles Superior Court (LASC) Rules Chapter 12.

**ARBITRATION** A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure (CCP) 1141.10-1141.31, California Rules of Court (CRC) 1600-1618, and Los Angeles Superior Court (LASC) Rules Chapter 12.

**SETTLEMENT CONFERENCE** A neutral third party called a settlement officer, who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

## JURISDICTIONAL LIMITATIONS

**MEDIATION & ARBITRATION** Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation or arbitration by stipulation, elect ion by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE** Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 07-05)

Page 1 of 2

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

**PARTY PAY PANEL**  The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL**  The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRIVATE NEUTRAL**  The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program